```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

FRANCISCO P. FERNANDES,
     Plaintiff,

         v.                              CIVIL ACTION NO.
                                         08-11498-MBB

ERIC HAVKIN and
ELITE MORTGAGES, INC.,
     Defendants.

**MEMORANDUM AND ORDER RE:
DISMISSAL FOR WANT OF PROSECUTION**

**October 21, 2011**

**BOWLER, U.S.M.J.**

Plaintiff Francisco P. Fernandes ("plaintiff") filed this action in September 2008 against defendants Eric Havkin ("Havkin"), a mortgage broker with defendant Elite Mortgages, Inc. ("Elite"), based on an alleged negligent refinancing of loans plaintiff held on his three family home in Fall River, Massachusetts. Plaintiff also sued defendant Countrywide Home Loans, Inc. ("Countrywide"), the lender in the February 2006 refinancing transaction.[1]

On August 10, 2010, this court allowed a summary judgment motion filed by Countrywide. Shortly thereafter, Countrywide voluntarily dismissed a cross claim against Elite. On December

---

[1] The complaint incorrectly named Countrywide as Countrywide Financial.

22, 2010, this court entered a separate final judgment dismissing this action with prejudice against Countrywide.

After plaintiff's counsel argued the summary judgment motion on January 27, 2010, plaintiff has done nothing further to prosecute this action. Accordingly, on August 5, 2011, this court ordered plaintiff's counsel to submit a report regarding the status of the remaining defendants, Havkin and Elite, on or before September 5, 2011. The order explained that, a failure to comply "may result in dismissal of the remaining parties." Plaintiff's counsel did not file the report. On September 30, 2011, this court again ordered plaintiff's counsel to file the status report and set a deadline of October 11, 2011. To date, plaintiff's counsel has not complied with either order. The September 30, 2011 order included the admonition that, "A failure to comply with this Order will likely result in a dismissal of this action against Havkin and Elite without prejudice." (Docket Entry # 52).

DISCUSSION

A court "may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002); see Link v. Wabash R.R. Co., 370 U.S. 626, 629-631 (1962); see also John's Insulation, Inc. v. L. Addison and

2

Associates, Inc., 156 F.3d 101, 108 (1st Cir. 1998) ("court has broad authority to dismiss a case for failure to obey orders" and "[o]ne source of such authority is Fed. R. Civ. P. 41(b)"). There is also a "'the strong presumption in favor of deciding cases on the merits.'" Garcia-Perez v. Hospital Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010) (quoting Malot v. Dorado Beach Cottage Assocs., 478 F.3d 40, 43 (1st Cir. 2007)). The nature of the plaintiff's conduct as well as the prejudice to the defendants and the adequacy of a lesser sanction are also factors to consider in assessing a dismissal under Rule 41(b), Fed. R. Civ. P. ("Rule 41(b)"). See Garcia-Perez v. Hospital Metropolitano, 597 F.3d at 9-10; see also Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 6 (1st Cir. 2006).

First, the August 5 and September 30, 2011 Orders respectively warned plaintiff and his counsel that the failure to comply "may result" and "will likely result" in a dismissal without prejudice. See Day v. McDonough, 547 U.S. 198, 210 (2006) ("before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); cf. Garcia-Perez v. Hospital Metropolitano, 597 F.3d at 8 (reversing Rule 41(b) dismissal due in part to absence of a "'clearly communicated' deadline" to produce expert report and

3

lack of "express notice of" consequences for not producing report).  Second, this case depends in part on the memories of the relevant parties, primarily plaintiff and Havkin, as to what Havkin orally promised regarding a mortgage rate.  The prejudice to Havkin and Elite given the reliance on Havkin's ability to remember what took place more than five years ago is readily apparent.  See Veazey v. Young's Yacht Sale and Service, Inc., 644 F.2d 475, 477-478 (5th Cir. 1981) (delay "can infuse an adverse element into the proper flow of litigation:  evidence deteriorates or disappears, memories fade, and witnesses die or move away"); Price v. Trustmark National Bank, 2011 WL 3157289, *3 (S.D.Miss. July 26, 2011) (same; quoting Veazey, 644 F.2d at 477-478).  As aptly noted by one court, "[T]he defendants are likely to be prejudiced" because "[t]he passage of time always threatens difficulty as memories fade" and, "[g]iven the age of this case, that problem probably is severe already." Georgiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996).

Finally, a lesser sanction short of a dismissal without prejudice is not appropriate in light of the repeated failure to respond to the prior orders.  Given the 21 month long silence on the part of plaintiff, it is evident that he no longer wishes to prosecute this action.

## CONCLUSION

For the foregoing reasons, this action is **DISMISSED** without prejudice as to the remaining defendants.

                          /s/ Marianne B. Bowler
                          **MARIANNE B. BOWLER**
                          United States Magistrate Judge